**United States District Court**
**Eastern District of Michigan**

| | |
|---|---|
| Donville O'Neil Inniss, #70853-018 | |
| Petitioner, | Case No 22-11991 |
| Vs. | |
| Jonathan Hemingway, Warden | Honorable Thomas L. Ludington |
| Respondent. | Mag. Judge Kimberly G. Altman |

FILED
DEC 14 2022
CLERK'S OFFICE
DETROIT

**Petitioner's Verified Response to Motion**
**To Dismiss and For Other Relief**

Now comes the Petitioner, Donville Innis, Pro Se, (hereinafter " Mr. Innis"), and for his response to the Respondent's Motion to Dismiss, and in support thereof, states as follows:

1. On October 26, 2022, the Respondent filed his Motion to Dismiss Petition for Habeas Corpus for Failure to Exhaust Administrative Remedies in the instant matter.

2. Despite the Respondent's Motion assertions, which assertions include the Declaration of Dan Clore, Administrative Remedy Coordinator at FCI Milan, wherein, Mr. Clore incorrectly concludes that Mr. Innis had not filed a single administrative remedy request, Mr. Inniss has, in fact filed several administrative remedy requests, some of which were appended to Mr. Inniss' 2241 Habeas Petition filing and the balance of which are now attached hereto, as well, as Group

Exhibit A hereto.

3. Mr. Inniss respectfully submits that his initial and his then continuing administrative remedy request filings were and continue to be unreasonably stymied by the inaction of the Federal Bureau of Prisons, including inaction of the Respondent.

4. More specifically, Mr. Innis submits that both his initially filed Cop-Out, BP-8 and his BP-9 were deposited with his Unit Team. To date, NO responses have been provided to Mr. Inniss. Group Exhibit A, among other things, establishes that the Respondent's reliance on the veracity of Dan Claire's declaration is factually misplaced.

5. In addition to the foregoing administrative remedy request filings , Mr. Inniss submits that on August, 9, 2022, he emailed his Unit Manager reminding his Unit Manager that he had delivered his BP-8the prior week. No response from his Unit Manager followed.

6. Further, on August 12, 2022, Mr. Innis both delivered an email to the Respondent and mailed a letter to the DSCC/Grand Prarie, Texas requesting application of FSA/ETC credits. To date, no responses have been received by Mr. Inniss.

7. On or about August 15, 2022, Mr. Inniss spoke to the Respondent who advised Mr. Inniss to proceed with his BP-9 which he did proceed to file on August 16, 2022. Mr. Inniss has received no response to date.

8. Finally, on October 24, 2022, Mr. Inniss emailed and manually delivered his Request for a corrected and updated application of FSA/ETA credits to his Unit Team. Mr. Inniss has received no response to date.

9. Based upon the foregoing, Mr. Inniss respectfully submits that he has both attempted to both initiate and complete his administrative remedy filings though, at seemingly every turn, he has been consistently stymied in his good faith and reasonable efforts to do so. It is upon this basis

that Mr. Inniss would take exception to the Respondent's erroneous characterization of Mr. Inniss' efforts to exhaust to date. Nor are the cases cited by the Respondent, in his motion to dismiss, persuasive based upon the vastly different and proactive steps taken by Mr. Inniss to exhaust. Accordingly, Mr. Inniss respectfully requests that this Honorable Court excuse his duty to exhaust where, as here, the lack of timely response to Mr. Inniss' administrative remedy filing requests to date have been either ignored or simply have not been responded to.

Wherefore, the Petitioner, Donville Inniss, prays that this Honorable Court enter an order as follows:

A. Deny the Respondent's Motion to Dismiss and;

B. Grant his Petition for Habeas Relief pursuant to 28 U.S.C section 2241 in its entirety and;

C. For such other and further relief as their Court deems is just and proper.

Respectfully Submitted,

*/s/ Donville Inniss*

Donville Inniss
#70853-018
Pro Se Petitioner
FCI Milan
Federal Correctional Inst.
PO Box 1000
Milan Michigan, 48160

### Verification

I, Donville Inniss, state and affirm under oath that all of the statements and affirmations contained in the forgoing Response to Motion to Dismiss are true and correct to the best of my information and belief.

*/s/ Donville Inniss*

Donville Inniss
Pro Se Petitioner

### Certificate of Service

I certify that on December 6, 2022, I filed this motion with the Clerk of the Court for the Eastern District of Michigan and I certify that I mailed the same to the Respondent herein by the United States Postal Service.

*/s/ Donville Inniss*

Donville Inniss
Pro Se Petitioner

NCS 70853018 - INNISS, DONVILLE - Unit: MIL-B-C

------------------------------------------------------------------------

FROM: 70853018
TO: B Unit Team
SUBJECT: ***Request to Staff*** INNISS, DONVILLE, Reg# 70853018, MIL-B-C
DATE: 08/09/2022 05:21:46 PM

To: Mr. KIRK - UNIT MANAGER
Inmate Work Assignment: B2 Orderly

Today I manually submitted a Cop Out to yourself requesting the removal of the Public Safety Factor - Alien from my designation. It was accompanied by supporting documents.

Please note that I await your response to the BP-8 submitted to yourself last Thursday regarding outstanding FSA earned time credits for myself. Thank You

GROUP EXHIBIT A

CS  70853018 - INNISS, DONVILLE - Unit: MIL-B-C
-----------------------------------------------------------------------------------------------

FROM: 70853018
TO: Warden
SUBJECT: ***Request to Staff*** INNISS, DONVILLE, Reg# 70853018, MIL-B-C
DATE: 08/12/2022 01:02:05 PM

To: Mr. Hemingwway
Inmate Work Assignment: B2 Orderly

Please note that the queries raised herein have been raised with my Unit Team - B2 in recent weeks. However, despite their efforts there has been no resolution which I suspect may be due in part to ambiguity regarding some BoP policies. I consider my matters to be urgent and therefore decided to escalate them to your office for any possible timely resolution.

1. At 01-20-22 I was provided with 59 days of FSA credits hence placing my Projected FSA Release Date at 02-09-22. I was subsequently approved for 90 days of Half Way House time at the Middle District of Florida as my residence is at Tampa, Florida. It is my considered opinion that in accordance with the FSA I should be earning and being credited with 15 days for every 30 days served as my Pattern Score is -7 and my Recidivism Level is Minimum. My security level is low. Therefore to date, I have earned 180 days of FSA Time Credits. Should I be credited with the outstanding 121 FSA days, my new Release Date would be 10/09/22 which makes me eligible for immediate release to halfway house. Please note that I have consistently engaged in all possible programs within Milan as well. Grateful for your investigation and if in agreement, the issuance of appropriate directions to resolve this urgent matter.

2. At May 2022, I was advised that I have a Public Safety Factor of Alien on my file as I am not a US Citizen. However, there is no Immigration Detainer placed on myself. Since then I have furnished my Unit team with evidence that I became a lawful US Permanent Resident on 04/03/05 (17 years ago) and maintains that status until 04/17/25. Furthermore, the Judge is my case as recent as 05/03/22 clearly stated that in the opinion of the Court I am neither a flight risk nor a risk to public safety. I also evidenced as per my PSR that I am married to a US citizen and am the father of two US born sons who all reside in Tampa at the home which I purchased in 2008 and remain the owner of. This is all evidenced to my Unit team and I am please to furnish you with copies should you require. I have requested that the status of PSF - Alien be removed from my file as well.

Your urgent attention to these matters are greatly appreciated. Thank you.

To: Federal Bureau of Prisons
    Designation & Sentence Computation Center
    346 Marine Forces Drive
    Grand Prairie, TX 75051

From: Donville Inniss #70853-018
    Federal Correctional Institution
    P.O. Box 1000
    Milan, MI 48160

RE: First Step Act (FSA) Time Credits Due - Inmate 70853-018

To whom it may concern,

According to the First Step Act (FSA), with a recidivism risk level of minimum, PATTERN score of -7, I am eligible for 15 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

Having completed 12 months in prison, I am eligible for 180 days of Federal Time Credit (FTC) of FSA. On 01/20/22, I was granted 59 days of FSA time credits. I have also been approved for 3 months of halfway house time commencing 11/9/22.

With the outstanding 121 days of FTC earned to date, my FSA release date moves from 02/09/23 to 10/11/22, allowing me to proceed on pre-release custody without further delay.

Please note that I commenced the BOP Administrative remedy within Milan FCI but the estimated time frame of at least 3 months to complete places resolution of this issue beyond my FSA release date.

I am grateful for the eligible 121 days of FSA credits time to be applied to my sentence computation.

Date: 8/24/22

Sincerely,

_____
Donville Inniss

copy

BP-A148.055
SEP 98

INMATE REQUEST TO STAFF CDFRM

U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) MR. KIRK - UNIT MANAGER B2 | DATE: 08-16-22 |
|---|---|
| FROM: D. INNISS | REGISTER NO.: 70853018 |
| WORK ASSIGNMENT: B2 ORDERLY | UNIT: B2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

Grateful for attached BP 9 Administrative Remedy form to be forwarded to the Warden.

8/16/22

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER          **SECTION 6**

CS 70853018 - INNISS, DONVILLE - Unit: MIL-B-C
-----------------------------------------------------------------------------------

FROM: 70853018
TO: B Unit Team
SUBJECT: ***Request to Staff*** INNISS, DONVILLE, Reg# 70853018, MIL-B-C
DATE: 10/24/2022 09:34:15 AM

To: Case Manager
Inmate Work Assignment: B2 Orderly

Reference is made to the FSA Time Credit Assessment issued to myself on 10-09-2022 (Exhibit 1). It is my considered opinion that the FSA - FTC calculations are wrong and should be corrected with the resulting changes to my pre-release and supervised release dates in keeping with both the First Step Act and attendant BoP policies. Below are explanatory points related to this request. I will furnish you with all supporting evidence in person.

1. Upon self-surrending to Big Springs Flightline Prison on 07-30-2021 I was classified as being FSA eligible with a FSA recidivism risk assessment (PATTERN) level of minimum hence qualifying for 15 days of FSA - FTC per each 30 days served. (Exhibit 2)

2. At 01-12-2022 the BoP enacted a policy that all FSA eligible inmates with less than 24 months left on their sentence would have their FSA - FTC calculated as at 12-25-2021 and said time applied towards custody, pre-release and/or supervised custody.

3. At 01-20-2022 I was credited with 59 days of FSA -FTC based on the 147 days that I would have served in prison til then (07-30-2021 to 12-25-2021. I immediately queried that calculation as I was of the view that I had earned 73 days of FSA-FTC to date. However, my new release date (FSA) was confirmed as 02-09-2023 (previously 04-09-2023). Exhibit 3. I was then advised that in light of these FSA-FTC credits, I was approved for 90 days of RRC/HC commencing 11-09-2022.

4. On 10-11-2021 I was presented with an updated Sentence Monitoring Computation Data Sheet (Exhibit 4), which evidenced that I was credited with an additional 14 days of FSA - FTC for the period of 07-30-2021 to 12-25-2022 and as a result my new FSA release date is now 01-26-2023. I do not dispute this calculation.

5. Between 12-26-2021 and 10-09-2022 I would have served a further 288 days in prison, maintained a minimum PATTERN level, engaged in productive activities and participated in all needs assessment programs available to me. On this basis I would have earned a futher 144 days of FSA-FTC ((244 days/30) x 15 = 144 days).

6. I hereby request that these outstanding 144 days be applied towards my RRC/HC and supervised release. Should I be detained at Milan til 11-09-2022 I would have earned an additional 15 days of FSA - FTC and should be subject to release directly to supervised release program (144 + 15 = 159 days) (159 days less 76 days approved for RRC/HC = 83 days off my supervised release time.

Your urgent attention is greatly appreciated.

BP-S148.055 **INMATE REQUEST TO STAFF**
SEP 98
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO: Mr. LaVesser (Case Manager) | DATE: 05-19-22 |
|---|---|
| FROM: Denville Inniss | REGISTER NO.: 70853018 |
| WORK ASSIGNMENT: B-2 Orderly | UNIT: B-2 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Query. Under the FSA, do I qualify for 10 or 15 days per 30 days served? My calculations are that if it is 10 days then my statutory release date projected would be 12/20/22 and with 90 days half way house commencing 9/21/22. Should it be 15 days credit per 30 days, then my statutory release date projected would be 10/22/22 with 90 days half way house commencing 07/22/22. Grateful for a discussion on this at your earliest convenience.

NB: This is based on my understanding of the FSA and is subject to correction. Does include GCT and jail time See copy of section of FSA attached and highlighted.

(Do not write below this line)

DISPOSITION:

Signature Staff Member                           Date

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

70853-018

MIL-1330.18
January 4, 2016
PAGE 7

## Attachment B/Part 1
### FCI/FDC Milan Michigan
### Attempt at Informal Resolution

REMEDY # _____

Inmate's Name: **INNISS, Donville**

Registration Number **70853-018** Housing Unit **B²**

**ATTEMPT AT INFORMAL RESOLUTION:**

1. Briefly stated the complaint and requested corrective actions.

   As at 07/30/22 I have earned 180 days under the First Step Act, but to date only 59 days have been credited. Therefore I request that the outstanding 121 days of FSA earned time credits be applied to reduce my sentence.

2. Document your efforts to resolve the matter to include policies reviewed. Note any reasons an informal resolution could not be achieved.

   Meetings and Cop-Outs with Case Manager. Unable to resolve at his level.

Inmate Signature: _____
Date: 08/03/22
Inmate Printed Name: DONVILLE O. INNISS

Unit Counselor Signature: _____
Date: _____
Unit Counselor Printed Name: _____

**DEPARTMENT OF JUSTICE** **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __Inniss, Donville__ __70853-018__ __B2__ __FCI Milan__
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A– INMATE REQUEST** To date I have been credited with 59 days of FSA Time Credits. And my scheduled commencement date for half-way house is 11/09/22. However, it is my considered opinion that having served 12 months in prison and maintained a minimum recidivism risk level of minimum, I should be earning 15 days for every 30 days served. Which means that to date I should have earned and been credited with 190 days of FSA Time Credits.
Therefore, bringing my release date to September of 2022.
Greatful for your investigation and for my FSA earned time credits to be applied without further delay.

__08-16-22__ __[signature]__
DATE | SIGNATURE OF REQUESTER

**Part B– RESPONSE**

____ ____
DATE | WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE** CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CASE NUMBER: _____

**Part C– RECEIPT**
Return to: ____ ____ ____ ____
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: ____

____ ____
DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)

DAVID SOSKY
W ST MUNJOE ROAD
APT 413
WORPLING ILLINOIS 60010

TO:
CLERK OF THE COURT
UNITED STATES DISTRICT COURT
EASTERN DIST. OF MICHIGAN
231 W. LAFAYETTE BLVD. Room 599
DETROIT, MICHIGAN 48226

U.S. MARSHALS



RECEIVED
DEC 14 2022
CLERK'S OFFICE
U.S. DISTRICT COURT