UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONVILLE O'NEIL INNISS,

        Petitioner,                                Case No. 1:22-cv-11991

v.                                               Honorable Thomas L. Ludington
                                                    United States District Judge

JONATHAN HEMINGWAY,

        Respondent.
_____/

**ORDER (1) VACATING ORDER DENYING PETITIONER'S MOTION TO ADJOURN RESPONSE DEADLINE, (2) GRANTING PETITIONER'S MOTION TO ADJOURN RESPONSE DEADLINE, (3) ACCEPTING PETITIONER'S RESPONSE, AND (4) DIRECTING SUPPLEMENTAL BRIEFING**

On August 24, 2022, Petitioner Donville O'Neil Inniss filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging miscalculation of his good-time credits. ECF No. 1 at PageID.2. Regarding his requirement to exhaust his administrative remedies before filing the petition, Petitioner says he raised the underlying issues to the BOP on August 3, 2022, then appealed the denial to the warden on August 16, 2022. *See id.* at PageID.3. But, he adds, the BOP did not respond to his appeal and thus prevented him from fully exhausting his administrative remedies. *Id.* at PageID.4.

Yet Respondent filed a motion to dismiss, arguing that Petitioner failed to exhaust his administrative remedies. ECF No. 5 at PageID.107 ("According to the Bureau of Prisons' records, Inniss has not submitted any requests to exhaust his administrative remedies before filing this habeas petition." (citing ECF No. 5-2 at PageID.114, 120)).

Petitioner then filed a motion to adjourn his deadline to respond to Respondent's motion,[1] ECF No. 6, which was denied because Petitioner did not show good cause for his request, *see* ECF No. 7; *see also* FED. R. CIV. P. 6(b)(1)(A) ("[T]he court may, for good cause, extend the time.")

But, upon further review, this Court finds good cause to extend Petitioner's time to respond and will vacate its prior order denying Petitioner's motion to adjourn his response deadline. True, Defendant "has offered no reason for his request." ECF No. 7 at PageID.124 (citations omitted). But "the plain language of the rule demonstrates that the good cause standard in the rule is discretionary." *Ott v. Fed. Home Loan Mortg. Corp.*, 535 F. App'x 488, 489 (6th Cir. 2013) (unpublished) (citing FED. R. CIV. P. 6(b)(1)). In his proposed response brief, Petitioner has attached verification of his August 16, 2022 appeal to the warden of his facility. ECF No. 8 at PageID.136. That document, which Respondent curiously did not provide, seemingly warrants addressing the merits of the Petition. And "Sixth Circuit policy 'values the disposition of cases on their merits.'" *Miner v. Ogemaw Cnty. Rd. Comm'n*, 594 F. Supp. 3d 912, 926 (E.D. Mich. 2022) (quoting *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006)).

Accordingly, the order denying Petitioner's motion to adjourn his response deadline, ECF No. 7, will be vacated; Petitioner's motion to adjourn, ECF No. 6, will be granted; and his response, ECF No. 8, will be accepted.

---

[1] Petitioner had until November 21, 2022 to file his response because the motion to dismiss was mailed to him on October 26, 2022, *see* FED. R. CIV. P. 6(d), and his response deadline was a Saturday, *see* FED. R. CIV. P. 6(a)(3)(A). He signed and placed his motion to adjourn his deadline in the prison mail on November 17, 2022. ECF No. 6 at PageID.122–23. True, Petitioner's motion was not filed on the docket until November 23, 2022. But, under the "prison mailbox rule," a *pro se* prisoner's court document "is deemed filed when it is handed over to prison officials for mailing to the court," which "absent contrary evidence" is assumed to be "the date he or she signed" it. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (collecting cases).

Further, this Court will direct Respondent to submit supplemental briefing addressing Petitioner's claim that he attempted to exhaust his administrative remedies, and that his efforts were frustrated by BOP inaction. Alternatively, Respondent may file a brief addressing the merits of Petitioner's claims. Petitioner may file a response to Respondent's supplemental brief within 30 days of service of Respondent's supplemental brief.

Accordingly, it is **ORDERED** that this Court's order denying Petitioner's Motion to Adjourn Response Deadline, ECF No. 7, is **VACATED**.

Further, it is **ORDERED** that Petitioner's Motion to Adjourn Response Deadline, ECF No. 6, is **GRANTED**.

Further, it is **ORDERED** that Petitioner's Response, ECF No. 8, is **ACCEPTED**.

Further, it is **ORDERED** that that Respondent is **DIRECTED** to file a supplemental brief, **on or before January 31, 2023**, either (1) addressing Petitioner's claim that he attempted to exhaust his administrative remedies and that his efforts were frustrated by BOP inaction, or (2) addressing the merits of Petitioner's claims.

Further, it is **ORDERED** that Petitioner is **DIRECTED** to respond to Respondent's supplemental brief **within 30 days** of service of Respondent's supplemental brief.

**This is not a final order and does not close the above-captioned case**.

Dated: January 6, 2023                    s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge