United States District Court For the
District of Michigan

Donville Mr. Inniss
Petitioner

v.                                                  | Case No. 2:22-cv-11991

Jonathan Hemingway
Warden, FCI Milan
Respondent

**Emergency Motion For Expedited
And For Other Relief**

FILED
FEB -8 2023
CLERK'S OFFICE
DETROIT

Now Comes the Defendant/Petitioner, Donville Inniss, Pro Se,(hereinafter " Mr. Inniss "), and for his Emergency Motion for Expedited and For Other Relief, and, in support, thereof, states as follows:

1. On August 24, 2022, Mr. Inniss filed his Petition for Habeas Corpus Relief pursuant to 28 U.S.C. Section 2241.

2. On October 26, 2022, the Respondent filed his Motion to Dismiss.

3. In December, 2022, Mr. Inniss filed his Verified Response to the Motion to Dismiss.

4. On January 6, 2023, this Honorable Court entered an Order accepting Mr. Inniss' Verified Response and otherwise adjourning other response obligations.

5. Mr. Inniss brings the instant emergency relief motion in light of established and compelling case precedent establishing that, notwithstanding the fact that Mr. Inniss currently has a lodged immigration detainer, his earned FSA credits to date entitle Mr. Inniss to an immediate release from federal prison custody.

6. Mr. Inniss respectfully submits that the following cases establish that Mr. Inniss is entitled to the requested immediate relief release request.

1

I. **Procedural Case History**

7. In or about October 2022 Mr. Inniss was presented with an airline reservation with a flight scheduled to depart Detroit, Michigan on 11-09-2022 to Tampa, Florida where he would have commenced half-way house until no later than 01-26-2023 when his sentence would have ended as per FSA ETCs applied to then date. On 11-07-2022 Mr. Inniss was verbally advised that an Immigration detainer was issued (11-03-2022) and hence his release was delayed until 04-09-2023. Mr. Inniss immediately objected to this act on the part of the BOP on the basis that he (Inniss) was not the subject of a final order of deportation and hence should have all of his FSA-ETCs applied towards at least supervised release.

8. On 11-14-2022 Mr. Inniss formally commenced the Administrative Remedy process by filing an a BP-8 with his Unit Manager, Mr. Kirk wherein he explicitly stated that the BOP erred in not applying his FSA - ETCs due to the immigration detainer. Informal discussions with BOP staff since then have led Petitioner to conclude that until the BOP issues a new policy guideline in writing they (Milan FCI) will continue to deny the application of FSA-ETCs to eligible inmates who have been served with any type of detainers.

9. Having never received a response to the BP-8, Mr. Inniss then wrote to the Warden on 01-09-2023 outing his concerns on the matter. He also raised said issues with the Warden in person. Warden promised to review case and revert to him by 01-16-2023. To date there has been no response from the Warden or any other officer within BOP.

10. According to a Sentence Computation Data form issued on 10-11-2022 Mr. Inniss' projected release date from BOP custody as per FSA was scheduled at 01-26-2023. Since that time and according to the FSA Time Assessment form issued to Mr. Inniss on 01-08-2023 he has earned an

2

additional 112 FSA-ETCs days bringing his total ETCs to 185 days. Given that Mr. Inniss has no more than 75 days to go before his GCT release date, it is imperative that the BOP follow the FSA and release him without delay as he has already been further punished by an additional 110 days of imprisonment.

## II. Statement of the Case / Facts

On August 01, 2018, Donville O Inniss was arrested by the Federal Bureau of Investigation (FBI) at Tampa, Florida on charges related to conspiracy to commit money laundering in the sum of $36,000. He was released on bond and allowed to reside at his residence in Tampa whilst being processed by the Second Circuit Court in Brooklyn New York. On January 16, 2020, Mr. Inniss, following a jury trial Mr. Inniss was convicted of one count of conspiracy to commit money laundering in violation of 18 U.S.C. 1956(h) and two counts of money laundering in violation of 18 U.S.C. 1956(a) (2) (A). His case number for the jury trial is N0. 18-CR-134 (KAM). On April 27, 2021, Mr. Inniss was sentenced to 24 months imprisonment. He commenced his sentence on July 30, 2021, at Big Springs Correctional Facility (Texas) until November 17, 2021 when he was transferred to Milan FCI in Michigan where he remains. On October 4, 2022, Mr. Inniss' motion of Appeal was upheld by the Second Circuit Appeal Court.

On December 21, 20,18 Congress passed the First Step Act (FSA) which is designed to be a sentencing reform law. It is administered by the Department of Justice and executed by the Bureau of Prisons (BOP). Inter alia, the FSA provides for inmates who attain a low or minimum level of recidivism to receive Federal Time Credits (FTC) of 15 days for each 30 days served in prison providing they engage in productive activities. FTCs are applied towards sentencing reduction, pre-release custody and supervised release. Not all Federal inmates are eligible for FSA - FTCs. The list of disqualifying offenses are set forth in 18 U.S.C. 3632(d)(4)(D) and the preclusion of

3

inmates with final orders of deportation set forth in 18 U.S.C. 3632(d)(4)(E). Mr. Inniss was deemed by the BOP to be FSA eligible as he had no disqualifying offenses nor was he subject to a final order of deportation.

Upon entering the custody of the BOP Mr. Inniss was deemed to have a minimum recidivism level and a low security risk factor. However, because he is not a US citizen, he has been housed at a low security facility rather than at a camp. He has also been denied being located at a facility within 500 miles of his residence at Tampa, Florida. However, he has fully engaged in programs available within and outside of the BOP and has had no disciplinary charges against him whilst in BOP custody.

In January, 2022, the BOP finally started to implement the FSA and provided qualified inmates with their FTCs. A cut-off date for calculations was set at December 25, 2021. In January, 2022, Mr. Inniss was credited with 59 days of FSA and his release date from BOP was reduced from April 9, 2023 to February 9, 2023. Mr. Inniss challenged the FTCs allocated contending that he should have been credited with 73 days of FTCs and not 59 days. At about March 2022 Mr. Inniss was advised by his Case Manager that he was approved for 90 days of half-way house in Tampa, Fl commencing November 9, 2022.

In May, 2021, Mr. Inniss commenced the BOP's administrative remedy process to obtain his FTCs earned to date. After receiving no response from his Case Manager he provided a BP-8 administrative remedy request to the Unit Manager and then a BP-9 form to the Warden at August 2021. On August 19, 2021, Mr. Inniss filed a writ of Habeas Corpus under U.S.C 2241 with the Eastern District of Michigan Federal Court to seek remedy of accurate calculation of FTCs and application towards pre-release and supervised release.

In October 2022 Mr. Inniss was provided with an airline reservation evidencing his flight to Tampa

4

on November 9, 2022, to commence Halfway House before proceeding to supervised release on November 15, 2022.

On November 7, 2022, Mr. Inniss was verbally advised that an Immigration detainer for him had been received at Milan FCI and hence his Halfway House was cancelled. He was provided with a copy of detainer on November 10, 2022. His current release date from BOP is April 9, 2022 meaning that the BOP has denied him of all of the FTCs earned to date.

Whereas Mr. Inniss is now subject to an Immigration detainer, he is not subject to a final order of deportation and hence should not be deprived of his Federal Time Credits. To date he has earned at least 7 months of FTCs and is subject to immediate release if even to the Immigration and Custom Enforcement (ICE). The BOP has been denying FTCs to all inmates with detainers regardless of the agency issuing said detainers. To date, two (2) inmates have successfully taken the BOP to Court with respect to this action. Further, In <u>Jones v Engleman</u> - Case No. 2:22-cv-05292 LEXIS 185635 (CD Cal, Sep 7, 2022) and <u>Moody v Gubbiotti</u> - Case No. 21-12004, 2022 LEXIS 181399 (DNJ Oct 3, 2022) Courts have determined that the BOP shall not use detainers to deprive any inmate of FTCs.

An immigration detainer is the instrument by which the Federal Government formally advises another law enforcement agency that they seek custody of an alien presently in custody and that they are to provide federal authorities with advance notice of the alien's intended release date or to detain the alien for a brief time (48 hours) to allow federal authorities to assume custody. See New York v United States DOJ 951F, 3d 84 97n. 10 (2nd Cir 2020).

Mr. Inniss contends that he has earned enough FTCs that should be applied towards his sentence reduction in a manner that would immediately direct the BOP to give the ICE 48 hours notice of his release. Notwithstanding the pro se 2241 Motion it is perhaps best that legal counsel be sought

to continue related argument for movant.

Mr. Inniss is a citizen of Barbados and due to his marriage to a US citizen, obtained US Permanent Residence on April 03, 2005. He and his wife are the parents of two US born citizens. Their US residence is at Tampa, Florida where Mr. Inniss purchased said property at February 2008. Between 1983 - 1993 Mr. Inniss visited the USA on a B1/B2 visitors visa. Between March 1994 – December 1996 Mr. Inniss obtained an A-1 US visa by virtue of being appointed as Vice-Consul in the Barbados Consulate at New York. Between 1997 - 2005 he travelled to the USA on a B1/B2 visa. At no time prior to 2020 was he convicted of any unlawful acts in the USA or anywhere else. On May 3, 2022 pursuant to a motion to be released from custody pending his Appeal, his trial Judge The Hon. Kiyo A. Matsumoto wrote, "The Court, having considered the Defendant's (Inniss) bail history, agrees that his release would not present a flight risk. Furthermore, Defendant was not convicted of any crime of violence and did not have any prior conviction; as such, his release would not pose a danger to the safety of any other person or the community." Whilst this motion was denied on a substantial question of law the Judge's statement reinforces the character of Mr. Inniss as a person who is unlikely to be unavailable to any Federal authority or who in anyway poses a threat to public safety. It is reiterated that Mr. Inniss spent three years on bond with absolutely no challenges or complaints to Pre-trial Services. Furthermore, except for this sudden detainer, Mr. Inniss would be back into his community in Tampa, Florida and re-united with his family.

He is also unlikely to be a burden to society given his academic qualifications which include a BSc.; MBA and 4 years of Doctoral studies, coupled with his work history, age and family stability.

### III. Arguments

**The Court has Jurisdiction to Enter an Order Finding that Mr. Inniss is Entitled to Habeas Corpus Relief**

In <u>Sierra v Jacquez</u>, 2022, US Dist. LEXIS 234625 (West Dist. WA 2022), the District Court held that ONLY a final removal order prevents First Step Act Credit application where a 2241 Petitioner has a pending Immigration Detainer. The pendency of that detainer WITHOUT a scheduled removal hearing date does NOT impact the Petitioner's absolute entitlement to FSA credit application and, in certain instances where those credits so result, in a corresponding entitlement to immediate release.
<u>See also Moody v Gubbiotti</u>, 2022, US Dist. LEXIS 181399 (DNJ Oct 3, 2022)

In <u>Jones v. Engleman</u>, 2022 US Dist. LEXIS 185635, 2022 WL 6563744, the District Court held, on facts similar to the instant case, that the Court in fact had both the jurisdiction and the authority to direct the BOP, in cases where the section 2241 Habeas Petitioner had a lodged detainer, to apply earned time credits to calculate the applicable release date and to, thereafter, release the Petitioner on that early release date. The Court further held that a full exhaustion of administrative remedies is not required where, to do so, in the context of a case, such as this, is "futile ".
The Respondents' reliance on a myriad of case citations standing for the proposition that District Courts' do not have jurisdiction over a section 2241 Habeas Corpus Petition is misguided and ignores the very recent holding in <u>Jones.</u> Nor is Mr. Inniss requesting an "advisory" court opinion, as the Respondents position. Instead, and identically to the relief sought in <u>Jones</u>, Mr.

7

Inniss is requesting that the Court direct the Respondents to both accelerate the removal process as well as to rule that where, as here, Mr. Inniss' detainer specifically states that the detainer is for "possible deportation about the subject's bail, rehabilitation, parole, release, diversion, custody classification, work, quarter assignment, or other matters, until such time as there is a final immigration hearing removal determination", FSA credits application is required for Mr. Inniss.

This is precisely what the Jones Court reasoned and held.

Based upon the foregoing, and based upon the District Court's reasoning and holding in Jones, Mr. Inniss respectfully requests that this Honorable Court enter an order granting Mr. Inniss his Habeas Corpus requested relief.

**B. Mr. Inniss is Excused from his Otherwise Full Exhaustion Requirement Where To Do So Would Be Futile**

In the instant case, and while, Mr. Inniss has not to date received responses to his previously filed Regional and Central Office BP-10 and 11 Administrative Remedy Requests, he has in fact filed the same more than 30 days ago and based upon all administrative remedy responses received to date, complete exhaustion would be, respectfully, futile.

In Jones, as stated earlier, the Court, once again, on facts similar to the instant case, ruled that exhaustion futility excused Jones from having to fully exhaust. In this regard, the Jones Court stated as follows:

"Section 2241 does not contain an exhaustion requirement, and, thus, is not a jurisdictional prerequisite." (citing Brown v Rison, 895 F 2d. 533, 535 (9th Cir. 1990).

The Court further stated as follows: "Courts have discretion to waive the exhaustion requirement where administrative remedies are inadequate or their exercise would be futile, or where

8

irreparable injury would result without immediate judicial intervention".

In the instant case, Mr. Inniss respectfully submits that based upon the filings he has made to date, the most recent of which have not yet been responded to despite more than 30 days having passed since his filings, coupled with the irreparable damages that Mr. Inniss continues to sustain as a proximate result of the Respondents' purposeful inaction, this Court's application of the Jones Court's "futility" exception is warranted at this time.

Based upon the foregoing, Mr. Inniss respectfully requests that this Honorable Court enter an Order directing that the BOP immediately release Mr. Inniss based upon the aforementioned District Court case decisions and corresponding case holdings.

Wherefore, the Defendant/Petitioner, Donville Inniss prays that this Honorable Court enter an order in accordance with the foregoing, and for such other and further relief as this Court deems is just and proper.

Respectfully Submitted,

Date: 01/27/23

Donville Inniss
Pro Se Defendant/Petitioner
Inmate # 70853-018
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

## Certificate of Service

I, Donville Inniss, hereby state and affirm that I placed a copy of my Emergency Motion for Expedited and Other Relief in the United States Postal System to the Respondent in this case on January 25, 2023.

Date: 01/27/23

*[signature]*

Donville Inniss
Pro Se Defendant/Petitioner
Inmate # 70853-018
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

10



DONVILLE INNISS
#70653-018
FEDERAL CORRECTION INSTITUTION
PO BOX 1000
MILAN, MI 48160

CLERK OFFICIAL U.S.
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
231 WEST LAFAYETTE BLVD - ROOM 599
DETROIT, MI 48226