UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONVILLE O'NEIL INNISS,

    Petitioner,

v.

JONATHAN HEMINGWAY,

    Respondent.
_____/

Case No. 1:22-cv-11991

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER DISMISSING AS MOOT PETITION FOR WRIT OF HABEAS CORPUS, RESPONDENT'S MOTION TO DISMISS, AND PETITIONER'S MOTION FOR EXPEDITED REVIEW**

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging miscalculation of time credits earned under the First Step Act (FSA). But the Bureau of Prisons (BOP) has since applied the disputed FSA credits to Petitioner's sentence, and he is now being held on an immigration detainer rather than his federal sentence. Accordingly, his petition will be denied as moot.

**I.**

On April 27, 2021, Petitioner Donville Inniss was found guilty of money laundering and sentenced to 24 months' imprisonment. *See* J., *United States v. Inniss*, No. 1:18-CR-00134-1 (E.D.N.Y. Apr. 29, 2021), ECF No. 132.

On August 24, 2022, he filed his habeas petition in this Court, alleging that the BOP miscalculated his FSA credits and that he should have been eligible for release in September 2022. ECF No. 1 at PageID.6–7. Respondent filed a motion to dismiss, arguing that Petitioner failed to exhaust his administrative remedies. ECF No. 5 at PageID.107. Petitioner replied, outlining his attempts to present his FSA claims to the BOP, ECF No. 8, and Respondent was directed to file a

supplemental pleading addressing either Petitioner's claims that he satisfied his exhaustion requirement or the merits of Petitioner's claim, ECF No. 9.

In its January 31, 2023 brief, Respondent explained that the Petition is moot because the BOP had since reviewed Petitioner's file, awarded him the claimed FSA credits, and then determined that he was eligible for immediate release[1] from his criminal sentence. ECF No. 10 at PageID.148. He was released from his criminal sentence on January 30, 2023. ECF No. 10-2 at PageID.146–48.

Yet Petitioner was not released from physical custody. He is still being held at FCI Milan as an "ICE detainee [awaiting] deportation." ECF No. 10-3 at PageID.150; *see also* ECF No. 10-2 at PageID.149 (noting an ICE detainer was issued on November 3, 2022). In contest, Petitioner filed an Emergency Motion for Expedited Review, asserting his habeas petition is not moot because the BOP erroneously used the ICE detainer as a reason for continuing to deny him FSA sentencing credits. ECF No. 11 at PageID.157–58.

## II.

A case or controversy must exist through all stages of federal judicial proceedings. U.S. CONST. art. III, § 2. Accordingly, a petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favor judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (per curiam); *accord Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (citations omitted). If a postfiling event deprives the court of the ability to provide meaningful relief, then the case becomes moot and is subject to dismissal "unless 'subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not be reasonably

---

[1] According to the BOP, after applying the FSA credits, Petitioner was eligible for release as early as September 11, 2022. ECF No. 10-2 at PageID.146–48.

expected to recur.'" *Ailor v. City of Maynardville*, 368 F.3d 587, 596 (6th Cir. 2004) (alteration in original) (quoting *Cleveland Branch, NAACP v. City of Parma*, 263 F.3d 513, 524 (6th Cir. 2001)). A habeas petition seeking FSA sentencing credits becomes moot if the BOP grants the credits and releases the petitioner from the sentence. *See Demis v. Sniezek*, 558 F.3d 508, 513 (6th Cir. 2009) (holding that petitioner's release from custody meant that "no actual injury remain[ed] that the Court could redress with a favorable decision"); *e.g.*, *Ward v. Ortiz*, No. 21-CV-6122, 2023 WL 1109574 at *1 (D.N.J. Jan. 30, 2023) ("In this case, Petitioner's request for additional credits under the FSA became moot upon his release from BOP custody." (collecting cases))).

### III.

Petitioner sought to have his FSA credits applied to his sentence so that he would be timely released from his federal criminal sentence. *See generally* ECF No. 1. But those credits have been awarded and he is not serving his criminal sentence. *See* ECF Nos. 10; 11. Thus, this Court can no longer grant the relief he requested in his Petition—the award of FSA credits to his criminal sentence.

Petitioner's arguments to the contrary lack merit. Regardless of whether an immigration detainer may be used to deny FSA credits, that is not what happened here. The BOP is not relying on Petitioner's detainer as a reason to deny his FSA credits, which he already received and were the basis for ending his sentence. Rather, the detainer is a new, independent basis for his continued custody. *See Lopez-Lopez v. Cnty. of Allegan*, 321 F. Supp. 3d 794, 797 (W.D. Mich. 2018) (explain that "[a]n immigration detainer notifies a state or locality that ICE intends to take custody of a removable alien" and asks "the state or locality to cooperate by notifying ICE of the alien's release date and by holding the alien for up to 48 hours" based on probable cause (citing 8 C.F.R. § 287.7(a), (d))). If Petitioner wishes to challenge the validity of his detainer, then he must do so

in a different proceeding. *E.g.*, *Al-Sadoon v. Lynch*, 586 F. Supp. 3d 713, 726–27 (E.D. Mich. 2022) (challenging detainer under 18 U.S.C. § 2241).

In sum, because the BOP awarded Petitioner the FSA credits that are the subject of this habeas petition and because he was released from his criminal sentence, his Petition will be dismissed as moot. *See Gray v. Fed. Bureau of Prisons*, No. 1:12-CV-1236, 2013 WL 5299393, at *2 (W.D. Mich. Sept. 19, 2013) (dismissing habeas petitioner's claim as moot because he was released from custody under his sentence (citing *Demis*, 558 F.3d at 513)).

**IV.**

A certificate of appealability is not required to appeal the denial of a habeas petition filed under 18 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Therefore, Petitioner may immediately file an appeal from this denial order.

**V.**

Accordingly, it is **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED AS MOOT**.

Further, it is **ORDERED** that Respondent's Motion to Dismiss the Petition on Exhaustion Grounds, ECF No. 5, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Petitioner's Motion for Expedited Review, ECF No. 11, is **DENIED AS MOOT**.

**This is a final order and closes the above-captioned case**.

Dated: February 17, 2023         s/Thomas L. Ludington
                                 THOMAS L. LUDINGTON
                                 United States District Judge